```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

Gary Sahlin

    v.                                         Civil No. 16-cv-294-JD
                                               Opinion No. 2016 DNH 216

United States of America


O R D E R

Gary Sahlin moved to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.[1]  In support, he argues that his conviction and sentence based on his guilty plea to charges of violating 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 924(c)(1)(B)(ii) must be vacated based on Johnson v. United States, 135 S. Ct. 2551 (2015).  The government moves to dismiss the petition on the ground that it is untimely.

Background

Sahlin pled guilty in September of 2003 to charges of bank robbery, under §§ 2331(a) and (d), and use of a semi-automatic weapon during a crime of violence, under § 924(c)(1)(B)(ii).  He was sentenced on February 17, 2003, to two terms of imprisonment, each 120 months, to be served consecutively.  The

---

[1] Although Sahlin initially was proceeding pro se, counsel was appointed to represent him.  Counsel filed an amended petition on his behalf.

amended judgment was entered on February 23, 2004. His conviction and sentence were affirmed on February 22, 2005.[2] United States v. Sahlin, 399 F.3d 27 (1st Cir. 2005). Sahlin did not file a petition for a writ of certiorari.

## Discussion

28 U.S.C. § 2255(f) imposes a one-year limitation period on petitions under § 2255. The one-year period runs from the latest of four events, which include "the date on which the judgment of conviction becomes final," and "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(1) & (3). When a petitioner has appealed his conviction but not sought a writ of certiorari, the date on which the judgment of conviction becomes final is ninety days after the court of appeals enters judgment. Clay v. United States, 537 U.S. 522, 525 & 532 (2003).

A.  Timeliness

   Sahlin filed his petition on June 28, 2016, long after his conviction became final in the spring of 2005. Therefore, the petition is untimely under § 2255(f)(1).

---

[2] The government mistakenly represents in its motion to dismiss that Sahlin did not file an appeal.

Sahlin contends that his petition is timely under § 2255(f)(3) based on the holding in Johnson.  In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act provided in § 924(e)(2)(B)(ii) is unconstitutionally vague.  Johnson, 135 S. Ct. at 2563.  The Court then held that Johnson recognized a new substantive rule that applies retroactively to cases on collateral review.  Welch v. United States, 136 S. Ct. 1257 (2016).  The Court, however, did not address § 924(c)(3)(B), the clause that Sahlin challenges.

The government moves to dismiss the petition, arguing that Johnson did not recognize the right Sahlin asserts and that the petition is untimely.  Sahlin asks this court to hold that Johnson applies to his challenge to the constitutionality of the residual clause, § 924(c)(3)(B).  As the court has explained in prior cases, however, Sahlin's argument that Johnson recognized a new right under § 924(c), for purposes of § 2255(f)(3), was rejected in Kucinski v. United States, 2016 WL 4926157, at *4 (D.N.H. Sept. 15, 2016), based on a well-reasoned and persuasive analysis of the issue.  As Judge Barbadoro explains, "reasonable jurists can and do disagree on this issue" with the result "that Johnson does not require the invalidation of § 924(c)'s residual clause."  Kucinski, 2016 WL 4926157, at *4.

3

Therefore, Sahlin's challenge to his conviction and sentence, based on a theory that the Supreme Court recognized a new right under § 924(c) in Johnson, lacks merit.  As a result, § 2255(f)(3) does not apply, and the petition was untimely filed.

B.  Certificate of Appealability

In a proceeding under § 2255, the court's final decision is appealable only if a circuit justice or the district court issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  "A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Sahlin did not address the issue of a certificate of appealability in his objection to the motion to dismiss.  Nevertheless, as explained in Kucinski, courts could and do disagree on the issue of whether Johnson applies to § 924(c).  Here, however, even if the court were to apply Johnson as Sahlin asks, his petition would fail under the particular circumstances presented.

Johnson was decided on June 26, 2015.  Sahlin filed his petition on June 28, 2016.  Therefore, Sahlin's petition was not filed within the one year allowed under § 2255(f)(3).  See, e.g., Roaden v. United States, 2016 WL 6875879, at *2 (E.D. Tenn. Nov. 21, 2016); Frenzel v. United States, 2016 WL 6804358, at *2 (E.D. Va. Nov. 17, 2016) (filing deadline to raise issue under Johnson was June 27, 2016).  As a result, Sahlin's petition would be untimely even if Johnson were applied to his claim.

In addition, Sahlin's claim would fail because his conviction and sentence were not based on the residual clause of § 924(c).  Sahlin's crime of violence for purposes of § 924(c) was bank robbery in violation of § 2113(a).  Bank robbery in violation of § 2113(a) is a crime of violence pursuant to the elements clause, § 924(c)(3)(A).  United States v. Armour, --- F.3d ---, 2016 WL 6440383, at *3-*4 (7th Cir. Nov. 1, 2016); United States v. McNeal, 818 F.3d 141, 157 (4th Cir. 2016); Holder v. United States, 836 F.3d 891, 892 (8th Cir. 2016); In re Hunt, 835 F.3d 1277 (11th Cir. 2016); Chasse v. United States, 2016 WL 4926154, at *5 (D.N.H. Sept. 15, 2016).  As a result, the residual clause, § 924(c)(3)(B), did not define the crime of violence in this case.

Therefore, because Johnson would not provide the relief Sahlin seeks, he has not made a substantial showing of the denial of a constitutional right.

## Conclusion

For the foregoing reasons, the government's motion to dismiss (document no. 15) is granted.

The court declines to issue a certificate of appealability because the petitioner has not made a substantial showing of the denial of a constitutional right as required under § 2553(c)(2).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph DiClerico, Jr.
United States District Judge

December 1, 2016

cc: Seth R. Aframe, Esq.
    Stanley W. Norkunas, Esq.